WALTER BLUMENTHAL and Another, etc., Plaintiffs, v. SEBASTIAN WEIKMAN, etc., and Another, Defendants.

Supreme Court, New York County, February 2, 1935.

*Moos, Nathan, Imbrey & Levine,* for the plaintiffs.

*William Karlin,* for the defendants.

McGEEHAN, J. In this type of case the decision is simple as soon as a single question is answered. Does the activity of the union amount to a secondary boycott? The apparently hopeless conflict in the cases is caused by the variance in the facts, which makes the answer different in different cases. Plaintiffs run a non-union shop. The union has a right to peaceably persuade anybody not to buy plaintiffs' goods because they are not union made. That applies to consumers and to retailers. The union has no right to persecute plaintiffs' customers because they buy plaintiffs' goods but it has the right to urge the customers of plaintiffs not to buy non-union goods. So whether this is a secondary boycott depends on the facts. There is very little law involved. The pickets do not attempt to interfere in any way with the general business of plaintiffs' customers. Peaceably they try to persuade shopkeepers not to buy non-union goods. When

the shopkeeper insists on dealing in non-union goods, they appeal to the customers and urge them not to buy. Not only is there no attempt to injure the shopkeeper, but there is an express plea to buy union goods, whether from that shopkeeper or another, and a list of the goods that are union. Picketing is not illegal because of the place where it is carried on. Where can the union better urge people not to buy non-union goods than the place where non-union goods are sold? There is nothing illegal in that. If the consumer draws the inference that the seller of non-union goods is either hostile or indifferent to the objects of the union, why is not that a true inference? These papers do not establish a secondary boycott any more than those on the two former motions. The motion is denied.